**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DEBRA PITT,** | |
| **PLAINTIFF,** | **CIVIL ACTION NO._____** |
| **v.** | |
| **CITIZENS BANK, N.A.,** | **JURY TRIAL DEMANDED** |
| **DEFENDANT.** | |

## COMPLAINT AND JURY DEMAND

Plaintiff Debra Pitt ("Plaintiff"), by and through her attorneys, Bell & Bell, LLP, hereby files this Complaint against Defendant Citizens Bank, N.A. (hereinafter "Citizens" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").

## PRELIMINARY STATEMENT

1. This action is brought by Plaintiff, Debra Pitt, a former employee of Defendant Citizens, for unpaid overtime wages, liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). Citizens unlawfully misclassified Ms. Pitt as exempt from the overtime requirements of the FLSA. Defendant also unlawfully retaliated against Ms. Pitt for her complaints about unpaid overtime wages, in violation of the FLSA.

## JURISDICTIONAL STATEMENT

2. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C.

§ 1331.

## VENUE

3.   This action properly lies in the District of New Jersey, pursuant to 28 U.S.C. §

1391(b)(1) because Defendant Citizens is a resident of this judicial district within

the meaning of 28 U.S.C. § 1391(c)(2).  Defendant operates multiple locations

within this judicial district and Plaintiff is a citizen and resident of this judicial

district.

## PARTIES

4.   Plaintiff Debra Pitt is an adult citizen and resident of Sewell, New Jersey and the

United States of America.

5.   Defendant Citizens was and is a business entity duly organized and existing under

state law that does significant business within the State of New Jersey, is engaged

in an industry affecting commerce and acted as Ms. Pitt's employer.

6.   Defendant Citizens is headquartered in Rhode Island and has a place of business

at 919 N. Market St., Wilmington, Delaware 19801, where Plaintiff was

employed.

7.   At all relevant times, employees of Citizens acted as agents and servants for

Citizens.

8.   At all relevant times, employees of Citizens were acting within the scope of their

authority and in the course of their employment under the direct control of

Citizens.

2

9.  At all times material hereto, Defendant Citizens acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

10. At all relevant times Defendant Citizens is and has been an employer employing more than five hundred employees.

11. At all relevant times Defendant Citizens is and has been a "person" and/or "employer" as defined by the laws at issue in this suit, and is accordingly subject to the provisions of said laws.

12. At all times relevant hereto, Plaintiff Debra Pitt, was an "employee" of Citizens within the meaning of the laws at issue in this suit, and is accordingly entitled to the protections of said laws.

13. During the course of Plaintiff's employment with Citizens, Defendant was engaged in interstate commerce and had annual gross revenues exceeding $500,000.

## FACTS

14. Ms. Pitt began her employment with Defendant Citizens as a Treasury Management Senior Implementation Manager in approximately August, 2015.

15. During her employment with Defendant, Ms. Pitt performed her duties in an excellent manner.

16. During her employment, Ms. Pitt worked significant hours over forty per workweek.

3

17. More specifically, during her employment as a Treasury Management Senior Implementation Manager, Ms. Pitt frequently worked an average of nine hours per day, worked through lunch, frequently worked additional hours at night, particularly on Thursday and Friday nights, and worked occasional weekend hours as well.

18. During the relevant time period, Plaintiff regularly worked well in excess of 40 hours per workweek.

19. Ms. Pitt was never paid time and one half for hours worked over forty in a workweek.

20. Ms. Pitt was improperly and willfully classified as exempt from the overtime requirements of the FLSA and denied overtime compensation for hours worked in excess of forty per workweek.

21. Citizens failed to record all hours worked by Ms. Pitt.

22. All work performed by Ms. Pitt has been assigned by Citizens and/or Citizens has been aware of the work performed by Plaintiff.

23. Citizens failed to pay overtime to Plaintiff despite its knowledge that Ms. Pitt was working well in excess of 40 hours per week.

24. Plaintiff's duties were non-exempt duties, including routine electronic mail correspondence, creating form contracts, confirming acceptance of completed agreements, training clients, attending client training sessions, contacting clients and sales partners to request documents, and request set up of services.  Plaintiff spent the overwhelming majority of her time performing these non-exempt duties.

4

25. Plaintiff did not exercise any meaningful degree of independent discretion and judgment in the exercise of her duties, instead following, as required, the policies, practices and procedures set by Citizens.

26. Plaintiff did not have the authority to create or implement management policies, practices and procedures for Citizens.

27. Plaintiff did not have the authority to commit Citizens in matters having significant financial impact.

28. Plaintiff did not have the authority to set wages for employees.

29. Plaintiff did not have the authority to determine how many labor hours could be allocated to her branch.

30. Plaintiff did not have the authority to hire, fire, or promote employees.

31. As a result of Ms. Pitt's concern that she was not being paid the overtime pay to which she was entitled, Ms. Pitt made multiple complaints to her supervisor, Leroy Collins.

32. Ms. Pitt made a number of complaints, including a final complaint within days of her termination.

33. Ms. Pitt communicated with Mr. Collins, including through email, indicating that she was unhappy with the overtime hours she was working and pay that she was receiving.  Instead of addressing her concerns, Mr. Collins demanded that Ms. Pitt work even more hours.

34. Ms. Pitt indicated that she believed the company's overtime practices were illegal.

35. Mr. Collins indicated that the company would not change its position on overtime.

5

36. Instead of correcting Citizens' failure to pay Ms. Pitt appropriately, Mr. Collins dismissed Ms. Pitt's complaints and then terminated Ms. Pitt, on or about May 3, 2016, within days of her most recent complaint about failure to pay overtime, in retaliation for Ms. Pitt's complaints regarding Citizens' failure to pay overtime and/or properly classify Ms. Pitt as non-exempt.

37. Ms. Pitt was terminated in retaliation for asserting her rights under the FLSA to receive overtime wages and be properly classified pursuant to the FLSA.

38. The almost immediate proximity in time between her final complaint regarding her overtime wages and her termination, among other facts, make clear that Ms. Pitt was fired in retaliation for her complaints about overtime wages and Citizens' improper classification of Ms. Pitt as exempt.

39. Ms. Pitt has suffered financial losses as a proximate result of the actions and inactions of Defendant.

**COUNT I - Fair Labor Standards Act, 29 U.S.C. § 201 et seq.**
**Failure to Pay Overtime/Improper Classification**

40. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

41. At all times relevant hereto, Defendant is and has been an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 201 et seq.

42. At all times relevant hereto, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 201 et seq.

43. At all times relevant hereto, Plaintiff was a covered employee entitled to the protection of the FLSA.

44. At all times relevant hereto, Defendant was a covered employer, subject to the provisions of the FLSA, and was not exempt from providing FLSA overtime benefits for any reason.

45. At all relevant times, Plaintiff worked in excess of forty hours per workweek but was not paid time and one half for her hours worked in excess of forty per workweek.

46. Plaintiff's duties were non-exempt duties, including routine electronic mail correspondence, creating form contracts, confirming acceptance of completed agreements, training clients, attending client training sessions, contacting clients and sales partners to request documents, and request set up of services.  Plaintiff spent the overwhelming majority of her time performing these non-exempt duties.

47. Plaintiff did not exercise any meaningful degree of independent discretion and judgment in the exercise of her duties, instead following, as required, the policies, practices and procedures set by Citizens.

48. Plaintiff did not have the authority to create or implement management policies, practices and procedures for Citizens.

49. Plaintiff did not have the authority to commit Citizens in matters having significant financial impact.

50. Plaintiff did not have the authority to set wages for employees.

51. Plaintiff did not have the authority to determine how many labor hours could be

allocated to her branch.

52. Plaintiff did not have the authority to hire, fire, or promote employees.

53. Defendant's conduct, as aforesaid, in not paying Ms. Pitt for work performed beyond a forty-hour workweek is a violation of the FLSA.

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA because Defendant's agents deliberately failed to pay Ms. Pitt, and others, the full amount she was due for the time she worked.

55. This practice was condoned, tolerated and encouraged by Defendant, as Ms. Pitt complained and the problem was never addressed.

56. Defendant's acts were willful, as Defendant knew or should have known of the FLSA's requirements.

57. Defendant can provide no good faith justification for its actions and is therefore liable for liquidated damages.

58. As a result of Defendant's FLSA violations, as aforesaid, Plaintiff is entitled to recover the amount of her unpaid overtime, an additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, her reasonable attorneys' fees, interest and costs of this action, along with any other relief available under the FLSA or that the Court deems just and proper.

**COUNT II - Fair Labor Standards Act, 29 U.S.C. § 201 et seq.**
**Retaliation in Violation of the FLSA**

59. Plaintiff Debra Pitt repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

60. At all times relevant hereto, Defendant is and has been an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 201 et seq.

61. At all times relevant hereto, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 201 et seq.

62. At all times relevant hereto, Plaintiff was a covered employee entitled to the protection of the FLSA.

63. At all times relevant hereto, Defendant was a covered employer, subject to the provisions of the FLSA, and was not exempt from providing FLSA overtime benefits for any reason.

64. Defendant's conduct, as aforesaid, in terminating Ms. Pitt because of her complaints regarding Defendant's failure to pay her overtime and/or failure to properly classify Ms. Pitt as non-exempt is a violation of the FLSA.

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

66. Defendant's acts were willful, as Defendant knew or should have known of the FLSA's requirements.

67. Defendant can provide no good faith justification for its actions and is therefore liable for punitive and/or liquidated damages.

68. As a result of Defendant's FLSA violations, as aforesaid, Plaintiff is entitled to recover lost wages and other damages caused by Plaintiff's termination, an additional amount as punitive and/or liquidated damages, her reasonable attorneys' fees, interest and costs of this action, along with any other relief

available under the FLSA or that the Court deems just and proper.

**PRAYER FOR RELIEF**

69. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and Order:

a.   Appropriate equitable relief, including reinstatement or front pay;

b.   Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful retaliation;

c.   Defendant compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

d.   Defendant pay Plaintiff liquidated damages;

e.   Defendant pay Plaintiff punitive damages;

f.   Defendant pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other non-pecuniary losses as allowable;

g.   Defendant pay Plaintiff's attorneys' fees, interest and costs of bringing this action; and

h.   Such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable.


James A. Bell IV, Esquire
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
1617 JFK Blvd. – Suite 1254
Philadelphia, PA 19103
(215) 569-2500

Attorneys for Plaintiff

DATE:  October 12, 2017